UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                          Plaintiff,

                                                                            DECISION AND ORDER

                                                                            03-CR-6105L
                                                                            05-CV-6265L

        v.

JUSTIN GORDON,

                                        Defendant.
_____

      Defendant, Justin Gordon ("Gordon"), was indicted in a multi-count indictment on June 26, 2003. On November 13, 2002, Gordon pleaded guilty to Count 1 of the indictment charging him with a violation of 21 U.S.C. § 846, that is, conspiracy to possess with intent to distribute and to distribute a quantity of 3, 4-methylenedioxymethamphetamine ("MDMA").

      Gordon pleaded guilty pursuant to a detailed plea agreement which described his acts in obtaining and distributing MDMA, commonly referred to as "ecstasy." By statute, conviction carries a potential punishment of up to 20 years imprisonment. Based on the drug quantity, and Gordon's very high Criminal History Category of VI, the sentencing range under the plea agreement was a term of 110-137 months.

On May 18, 2004, the Court sentenced Gordon after ruling in favor of Gordon as to most of his material objections to the presentence report ("PSR"). The Court sentenced Gordon principally to 126 months imprisonment and judgment was entered accordingly on May 20, 2004.

Gordon has now moved, *pro se,* to vacate or set aside the judgment, pursuant to 28 U.S.C. § 2255. That petition was filed May 23, 2005; the Government responded and moved to dismiss the petition in its entirety on July 18, 2005.

For several reasons, the petition is without merit and must be dismissed. Gordon claims, in summary fashion, that the plea was not knowing and voluntary as to the two point enhancement for acting as an organizer and because of his waiver of appeal. He also claims he should have received an additional one-point reduction for acceptance of responsibility.

First of all, Gordon waived any right to attack his sentence by appeal or collateral attack in the detailed plea agreement that he signed. The Court conducted an extensive colloquy with Gordon at the time of the plea and specifically addressed the fact that the plea agreement contained a waiver of the right to appeal any sentence less than 137 months. The plea agreement, at ¶ 18, sets out in detail the nature of the waiver of appeal and collateral attack. Both the Court's colloquy and the plea agreement were quite clear. By filing this petition, Gordon has violated one of the terms of the plea agreement -- an agreement that afforded him certain favorable benefits. Such an appeal/collateral attack waiver is enforceable and bars this petition. *See United States v. Djelevic,* 161 F.3d 104, 106-07 (2d Cir. 1998); *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993).

As to the two-level adjustment, under the United States Sentencing Guidelines § 3B1.1(c), for an aggravating role in the offense, the plea agreement at ¶ 7 specifically stated that both the

Government and defendant *agreed* that that adjustment should apply. In the Court's colloquy with Gordon at the time of the plea, the Government specifically referenced an upward adjustment in calculating Gordon's Guideline range for this adjustment.

Gordon's claims now concerning the two point enhancement as an organizer/leader are without merit. First of all, that enhancement was specifically contained in the plea agreement and agreed to by both the Government and Gordon. Furthermore, neither Gordon nor his lawyer objected to that enhancement at the sentencing hearing. In fact, at the sentencing hearing, the Court specifically referenced the organizer/leader enhancement and mentioned, on the record, that there had been no objection to that. Gordon remained silent and his attorney specifically affirmed that there was no objection to that enhancement.

The rulings at the sentencing hearing actually favored Gordon. The Government urged the Court to find that because of Gordon's flight and arrest and conviction on another offense, that he should be precluded from getting *any* benefit for acceptance of responsibility and, in fact, that points should be added for obstruction of justice. The Court declined to follow the Government's suggestion in regard to those matters.

Although the defendant had violated his conditions of release and fled, the Court was not convinced that Gordon had specifically been advised of the sentencing date since that had been adjourned. In any event, the Court gave Gordon the benefit of the doubt and did not tack on an additional enhancement for obstruction. The Court also granted Gordon two points for acceptance of responsibility. The Government declined to make a 5K1 motion for cooperation because in its

view, the agreement had been breached when Gordon got arrested while on release from federal court for a felony charge of driving while intoxicated.

The factual basis in the plea agreement, at ¶ 5, set forth in great detail Gordon's activities in obtaining ecstasy from Canada. The plea agreement provided that he directed others as to how to secrete the drugs so they would not be detected when crossing the border.

At the plea colloquy, Gordon specifically agreed to and admitted the accuracy of the statements contained in that paragraph. These facts certainly establish, beyond the peradventure, Gordon's guilt and his leadership role in the offense.

Gordon also suggests, without much specificity, that his two lawyers from the Federal Public Defender's Office provided ineffective assistance of counsel. There are several things to say about this. First of all, Gordon never complained about counsel's representation either at the time of the plea or at sentencing. In fact, at the time of the plea, Gordon was asked specifically if he was satisfied with his attorney's representation, and he indicated that he was. Furthermore, Gordon has failed to establish the stringent two-part test required under *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984) to establish ineffective assistance of counsel. Defendant bears a heavy burden in this regard, and he has not demonstrated that his counsel's conduct, as measured against an objective standard of reasonableness, was deficient nor has he shown that counsel's performance was prejudicial to his case. Gordon received benefits from this plea agreement and had several counts dismissed by virtue of the plea. He also had an opportunity to cooperate and receive a further reduction. Gordon botched that himself by getting rearrested on a felony charge during the pendency of these proceedings. For the reasons set forth in the Government's motion to dismiss, pp. 20-28,

Gordon's suggestions of ineffective assistance of counsel are without merit and afford no basis for relief here.

## CONCLUSION

The petition of Justin Gordon pursuant to 28 U.S.C. § 2255 to vacate or set aside the judgment (Dkt. #33) is in all respects denied and dismissed.  Gordon's motion for appointment of counsel (Dkt. #34) is denied.  Gordon's motion to supplement his 2255 motion and to supplement his memorandum of law (Dkt. #35) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 28, 2005.